FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 23 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

DONALD TRIZZINO,

Defendant.

---

10-CR-202

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by or is outside the range of the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18

1

U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 7, 2010, Donald Trizzino pled guilty to Count One of a four-count indictment. The count to which Trizzino pled guilty charged that in March 2008, Trizzino knowingly and intentionally devised a scheme and artifice to defraud account holders of a website specializing in the sale of rare and expensive varieties of wine, so as to obtain money and property from those account holders by means of fraudulent pretenses, representations, and promises. The indictment charged that he used the mails to execute the scheme, in violation of 18 U.S.C. § 1341.

Trizzino was sentenced on October 28, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 16 and defendant's criminal history category to be category II, yielding a Guidelines range of imprisonment of between twenty-four and thirty months. The maximum term of imprisonment for the offense to which the defendant pled guilty is 20 years. *See* 18 U.S.C. § 1341.

Trizzino was sentenced to twenty-four months of incarceration and to three years of supervised release. He was ordered to pay $22,500 in restitution, and was ordered to forfeit $170,300 to the government. A special assessment of $100 was imposed. No fine was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

2

that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is a serious one. He has a long history of involvement in crimes petty and serious; he has been convicted of criminal possession of a weapon, petit larceny, and sexual misconduct. Defendant is 50 years old. He is not close with his parents or with his sister. He is married and has four children. He has been in employed in various positions and has most recently worked as a limousine driver. Defendant has a variety of health problems. He has had gastric bypass surgery, has arthritis in both knees, and requires a hip replacement. A Guidelines sentence of twenty-four months imprisonment, in conjunction with the forfeiture and restitution described above, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: general and specific deterrence. General deterrence is effectuated by the sentence imposed and the forfeiture and restitution ordered. The sentence will send a clear message that the use of the mails for fraudulent purposes will result in serious punishment. Specific deterrence is achieved through the order of restitution, the order of forfeiture, and the lengthy term of incarceration ordered. The court hopes that the defendant will abstain from further criminal activity in light of his age and ill health.

Jack B. Weinstein
Senior United States District Judge

Dated: October 28, 2011
       Brooklyn, New York

3